19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Louis GAY, Defendant-Appellant.
 No. 93-5491.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1994.
Decided March 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-93-25-A)
 Thomas Abbenante, Mary E. Davis, Washington, DC, for appellant.
 Helen F. Fahey, U.S. Atty., John N. Nassikas III, Asst. U.S. Atty., Peter R. Maier, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marvin Louis Gay appeals his conviction for conspiring to distribute crack cocaine in violation of 21 U.S.C.A.Sec. 846 (West Supp.1993) and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. Sec. 841(a) (1988). Gay argues that the district court erroneously admitted into evidence his statement that he had been "involved" with drugs. Finding no error, we affirm Gay's conviction.
 
 I.
 
 2
 Six witnesses testified for the government at Gay's trial. The key witness, Jonathan Corbett (Gay's partner in selling crack as alleged in the indictment), testified about eight drug transactions that involved Gay. According to Corbett, Gay supplied the cocaine to Corbett in Maryland, which Corbett would in turn sell to "Rico" (who was George King, a narcotics investigator with the Alexandria Police Department) in Alexandria, Virginia.[1] Corbett stated that he always shared his proceeds with Gay after receiving payment from King.
 
 
 3
 King testified that, on the basis of the similarity of the drugs that he bought on each occasion, he concluded that Corbett acquired the drugs from a single source. King also testified that Corbett told him that he would be coming from Maryland when he delivered the drugs.
 
 
 4
 Agents Bowen and Russo of the Northern Virginia Crack Task Force testified that, on the evening of April 2, 1991, they followed Corbett, who was driving a Chevrolet Nova, from his residence in Fort Washington, Maryland, to 7306 Pacella Court, Clinton, Maryland, the residence of Gay's mother. They observed two black men leave the house, enter separate vehicles--the Chevrolet Nova and a burgundy Nissan Maxima,[2] rendezvous about ten minutes later at a fast food restaurant, exchange jackets, and leave in separate directions.
 
 
 5
 Special Agent Mike McCormick of the Drug Enforcement Administration testified about telephone calls made between Corbett's residence and the residence of Gay's mother on the evening of the last drug transaction before the men were arrested. McCormick also testified that during a conversation with Gay, Gay informed him that "at the present time he had a good job, he was no longer involved in drug trafficking, and ... he was no longer involved in drugs."
 
 
 6
 Detective Glenn Clark of the Prince George's County Police Department testified about an investigation he conducted concerning a break-in and robbery at the residence of Gay's mother.[3] During a conversation with Gay, Gay informed Clark that he believed several named persons were responsible for the robbery and that they were involved with drugs. When asked whether he had been involved with drugs, Gay responded "yes." Clark's testimony regarding Gay's statement and the admission of Gay's written statement to that same effect were admitted into evidence without objection.
 
 
 7
 The defense put on no evidence.
 
 
 8
 After the jury returned a guilty verdict, the district court sentenced Gay to 120 months of incarceration and five years of supervised release and order him to pay a special assessment of $50. Gay timely appeals.
 
 II.
 
 9
 Gay alleges that the district court erroneously admitted Clark's testimony and the written statement about Gay's involvement with drugs. Gay asserts that the evidence was not admissible under Fed.R.Evid. 404(b)[4] because it was evidence of another crime admitted solely to prove his bad character. We disagree.
 
 
 10
 We review the admission of evidence for plain error where there is no objection on the record.[5] United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir.1993). In reviewing for plain error, we find that the admission of the evidence was not error nor did it affect Gay's substantial rights. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993).
 
 
 11
 The indictment charged Gay with conspiring to possess with intent to distribute cocaine between March 1, 1991 and May 31, 1991. Gay made the statement on April 5, 1991. From this evidence, a jury could properly draw the inference that Gay's admission of involvement with drugs referred to the drug distribution activities that were set forth in the indictment and that were the subject of Corbett's and King's testimony. Thus, the statement was an admission by a party-opponent[6] and was relevant evidence that demonstrated he committed the crimes charged in the indictment.
 
 
 12
 Furthermore, the statement did not "affect the outcome of the District Court proceedings." Id. at 4424. There was ample evidence for a reasonable jury to find him guilty. Accordingly, Gay's claim failed to demonstrate plain error warranting reversal. Id. Because the admission of the evidence was not error and because it did not affect Gay's substantial rights, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Corbett stated in detail how King contacted him in connection with each sale, how Corbett then contacted Gay to determine the availability and price for the crack cocaine, how he would confirm the details with King, and how and where he would get the drugs from Gay
 
 
 [2]
 Corbett testified that between March 1, 1991, and May 24, 1991, Gay drove a burgundy Maxima. In addition, McCormick testified that the Nissan was registered to Terrance N. Burke in Washington, D.C., and Corbett testified that Gay's sister had a boyfriend named Terri
 
 
 [3]
 The robbery occurred on April 5, 1991, which was during the series of drug transactions described in the indictment
 
 
 [4]
 Under Fed.R.Evid. 404(b), evidence of prior bad acts is not admissible to prove character and propensity for crime, but is admissible for other purposes, such as proving motive, opportunity, intent, knowledge, and absence of mistake
 
 
 [5]
 Appellant concedes that the admission of evidence was not objected to
 
 
 [6]
 Under Fed.R.Evid. 801(d)(2), a statement made by a party-opponent and offered against that party is not hearsay